### CARPENTER *et al.* v. CARPENTER *et al.*

(*Supreme Court, General Term, Second Department.* December 10, 1890.)

RESULTING TRUST.

    A will gave testator's real estate to his children, equally, and the personal estate to his widow for her life, and at her death to the children. Testator had eight children, of whom one son died before him, and another son a few days after him, both of them intestate, and leaving children. The real property consisted of two farms and some dock property. There was a mortgage on each of the farms. Two of the sons were executors. They refused to pay interest accruing on the mortgages, and procured the mortgagees to foreclose them; and, at the sales, both farms were purchased by a daughter of testator, at prices little more than the amounts of the respective mortgages thereon, and much less than the value of the property. The purchase money for one farm was furnished by the executors from the funds of the estate on a new mortgage of the property to them as executors; and for the other, the greater part was paid by a new mortgage to the mortgagee who had foreclosed. The purchaser immediately conveyed to her mother, testa-

tor's widow, a life-estate in one farm, and executed deeds to the five other surviving children of testator, conveying to them five-sixths of the property in equal undivided parts. Thereafter the executors brought suit for partition of the dock property, and, at the sale thereunder, one of them purchased the property for much less than its value, and immediately executed a deed conveying five-sixths thereof to the other surviving children of testator, in equal undivided parts. The children of the two deceased sons of testator, several of whom were infants, were thus deprived of their share in testator's real estate. *Held,* that the six surviving children of testator were liable as trustees of the children of the two deceased sons, as to one-fourth of such real estate, and one-fourth of the net rents, profits, and income derived by such surviving children from the property. BARNARD, P. J., dissenting.

Appeal from special term, Queens county.

Action by Lewis H. Carpenter and others, against Coles A. Carpenter and Charles W. Carpenter, individually, and as executors of James S. Carpenter, deceased, and others. Plaintiffs were grandchildren of said testator, James S. Carpenter, some of them being children of his son Smith S. Carpenter, who died intestate, during testator's life-time, and the others children of another son who died intestate a few days after testator's death. Defendants were all the surviving children of testator. By his will, testator's widow was entitled to the use of his personal property for her life, and at her death it was to be divided among the children equally, and the real estate was also to be divided among them. His personal property was of the value of $74,000. His real estate consisted of three parcels, known respectively as the "Homestead," the "Downing Farm," and the "Dock Property." There was a mortgage on the homestead and one on the Downing farm, but no other incumbrances on any of the property. The defendants Coles A. Carpenter and Charles W. Carpenter, sons of testator, named as executors in the will, qualified as such. Within a few months after testator's decease said executors, having refused to pay interest accruing on such mortgages, procured the mortgagee of the property known as the "Homestead" to foreclose the mortgage thereon, of which $4,000 was unpaid, and at the sale on such foreclosure the defendant Sarah J. Osborn, a daughter of testator, became the purchaser for the sum of $5,100, which was furnished to her, to make such purchase, by said executors, out of funds of testator's estate, upon a mortgage of the property to them, as executors. The value of the property at the time was $25,000. Defendant Sarah J. Osborn then executed a deed conveying to her mother, the widow of testator, a life-estate in the property, and another deed conveying to the five other defendants, the other surviving children of testator, five-sixths of the property in equal undivided parts. In like manner the executors procured the mortgagee of the Downing farm to foreclose the mortgage thereon, of which $5,000 was unpaid, and said defendant Osborn likewise became the purchaser thereof for the sum of $5,990, of which $5,000 was paid by a new mortgage therefor to the same mortgagee. The value of this property was $40,000. Defendant Osborn also conveyed to her co-defendants five-sixths of this farm in equal undivided parts. Within two years after testator's death, also, an action for partition of the Dock property was brought by defendants Coles A. Carpenter and Charles W. Carpenter, and at the sale in partition said Coles A. Carpenter purchased the property for $800, the value thereof being $5,000, and immediately executed a deed to the other defendants for five-sixths thereof in equal undivided parts. Plaintiffs, on discovering that they had been thus excluded from any share in testator's real estate, brought this action. Testator's widow was made a defendant therein, but died before the trial. On trial by the court, defendants were adjudged to be trustees for plaintiffs as to one-fourth part of the real estate except the Dock property, and as to one-fourth part of all the net rents, profits, and income derived therefrom since the death of testator. From said judgment defendants appeal; and plaintiffs appeal from so much of it as dismissed their complaint as to the Dock property.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.
*Oscar Frisbie,* for plaintiffs.   *Benjamin W. Downing, (Josiah T. Marean,*
·of counsel,) for defendants.

DYKMAN, J.   The record placed before us on this appeal discloses the per-
·petration of a great fraud and wrong upon the plaintiffs by the defendants,
who sustained towards them a trust relation, and who were under legal obli-
·gations to protect their interests and preserve their property.   Instead of
performing the duty thus resting upon them, the evidence discloses a course
·of conduct which could have been dictated by no proper motives, and which
resulted in the complete exclusion of these plaintiffs from all interest in their
father's large estate.   Instead of paying off the mortgages upon the Downing
farm and the homestead, they procured their foreclosure, and controlled the
sales under them and the subsequent disposition of the title by the nominal
purchaser at such sales.   The evidence before us leads inevitably to that con-
·clusion, and the findings of the trial judge upon those questions are all am-
ply sustained by the evidence.   We concur with the trial judge fully in his
·conclusion respecting the foreclosure of the mortgages, and the sales under
the judgments, but we think the proceedings in relation to the partition and
·sale of the dock property fall under the same condemnation.   The same fraud-
ulent design is visible, and runs through the whole transaction.   The defend-
·ants entered into a fraudulent conspiracy against these plaintiffs, to deprive
them of their interest in their father's estate, and to benefit themselves by
·the scheme.   The judgment in favor of the plaintiffs should be affirmed, with
costs, and the judgment dismissing the plaintiff's complaint in relation to the
·dock property should be reversed, and a new trial granted, with costs to abide
·the event.

PRATT, J., concurs.   BARNARD, P. J., for affirmance, as to both parcels.